**BECKMAN, Inc., v. APPLEBY.**

**No. 9471.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 29, 1940.

William L. Curtis, of Fort Smith, Ark., for appellant.

P. Preston Swecker, of Washington, D. C., and Ed. M. Whitaker, of Midland, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Suing for a declaratory judgment that a reverse circulation device he used for cleaning out oil wells did not infringe upon the Childs Patent, owned and claimed by appellant, appellee obtained the judgment that he sought. This was based upon findings[1]

[1] That plaintiff, P. W. Appleby, prior to the filing of this suit, was engaged in the cleaning out and drilling in of oil wells by the use of a reverse circulating system.

2. That defendant, Beckman, Inc., is the owner of Childs et al. Patent No. 1,503,476, granted August 5, 1924, and as such sent notices to the plaintiff and to persons with whom he had contracts, or was contemplating work, wrongfully stating that the use of plaintiff's system would constitute an infringement of said patent and that the said Childs et al. Patent; so owned by Beckman, Inc., covered and protected all processes of reverse circulation.

3. That the Childs et al. Patent No. 1,503,476 is based upon the use and operation of a pipe system for the cleaning out and drilling in of oil wells with valves located in certain pipes extending from a pump to the casing and drill stem

that Claims 1, 2 and 4,[2] the only claims at issue, were not infringed and in addition

respectively, and provided with valve outlets, which valves are so manipulated as to cause a reverse circulation of fluid in cleaning out and drilling in of the oil wells.

4. The system used by the plaintiff, P. W. Appleby, in the oil fields of West Texas, and elsewhere in the United States, accomplishes reverse circulation in cleaning out and drilling in of oil wells by disjoining or uncoupling circulating pipes, crossing the connections, and recoupling the same in crossed or reversed relation.

5. That while the Appleby apparatus and system secures substantially the same results as the system set forth in the Childs et al. Patent No. 1,503,476, they are accomplished in an entirely different manner and by mechanism so different as not to constitute an infringement of said patent or any of the claims thereof.

6. That the Appleby system is not in violation of any of Claims Nos. 1, 2 or 4 of the Childs et al. Patent No. 1,503,-476, which were the only claims relied on by the defendant on the trial of this case; they having stated in open court that the defendant did not charge that Claim No. 3 had been infringed on.

7. That the employment of reverse circulation in the cleaning out and drilling in of oil wells existed, and was in public use prior to the invention and for more than two years prior to the filing of application for Childs et al. Patent No. 1,503,476.

8. The use of reverse circulation in the cleaning out and drilling in of oil wells was set forth in, and covered by, the prior patents to Terp, No. 458,601, September 1, 1891; Latta, No. 1,274,-903, August 6, 1918, and other prior patents offered in evidence.

9. That the issuance of the Childs et al. Patent No. 1,503,476 provided for the accomplishment of the prior existent reverse circulation in the cleaning out and drilling in of wells, being a combination that would be dependent upon and controlled by the use of ordinary control valves, while the plaintiff's system is not governed or controlled by any valves.

10. Claim No. 4 of the Childs et al. Patent No. 1,503,476 does not set forth any new or inventive features or combination, and the subject matter thereof had been in public use prior to the invention and for more than two years prior to the filing of the application for said patent.

### Conclusions of Law.

I. That plaintiff, P. W. Appleby, has not infringed the Childs et al. Patent, No. 1,503,476, granted August 5, 1924, and the apparatus, equipment and system used by Appleby is not in conflict with, or infringement of the said Child's Patent.

II. That Claim No. 4 of the Childs et al. Patent No. 1,503,476 is invalid.

III. The counterclaim and cross-action of the defendant for an injunction and damages for alleged infringement is denied.

IV. That defendant, Beckman, Inc., its officers, agents, servants and employees, be perpetually enjoined from claiming or representing to the plaintiff's customers or prospective customers, creditors or anyone else, that the plaintiff's system for the cleaning out and drilling in of wells infringes in any way on the defendant's patent or patent rights.

V. That final decree shall be entered for the plaintiff for a declaratory judgment and injunction as prayed for, and for costs in this action, and denying the defendant any relief as prayed for in the defendant's counterclaim.

[2] 1. In a drilling apparatus the combination of a well casing, a drill stem rotatable therein and having a fluid tight fit with the upper end thereof, a pump, a connecting pipe between said pump and said casing, another connecting pipe between said drill stem and said pump, a valve controlled outlet in each of said pipes and further valves in said pipes whereby the fluid may be circulated from said pump through said drill stem in either direction for the purpose described.

2. In a drilling apparatus the combination of a well casing, a hollow drill stem rotatable therein, and having a fluid tight fit with the head of said casing, a pump, pipes connecting said casing, and said drill stem with said pump, and valves in said pipes whereby the fluid from said pump may be circulated through said drill stem in either direction.

4. In a drilling apparatus, the combination of a well casing, a drill stem rotatable therein, a fluid tight connection between said casing and drill stem comprising a stuffing box on said drill stem and a rotating bearing between said stuffing box and said casing, a pump, a pipe connecting said pump and casing, and an outlet pipe connecting with the

that Claim 4 was invalid for want of invention. Appellant here insisting that the district judge too narrowly limited the invention claimed in patent Claims 1 and 2, to an apparatus causing reverse circulation by the use of valves and valve outlets, urges upon us that this deprived appellant of its right to claim infringement by the use of equivalents. He urges that it was error too, to hold Claim 4 invalid for lack of invention and because of prior public use.

■ Making much of the fact that appellee at one time worked for it and of his testimony that though his device was equipped with valves, appellee avoided their use so as not to infringe appellant's patent, and vigorously attacking the testimony of Waldrop as to prior use, appellant cites and discusses many authorities in support of his claim to invention and that under the Doctrine of Equivalents, appellee's device clearly infringes. It will serve no useful purpose for us to set out the testimony or discuss appellant's authorities. If we could agree with appellant that its device represents a broad advance in the use of reverse circulation in the well cleaning art and that its patent claims are entitled to a broad construction, we should certainly agree with it that appellee's apparatus infringes. But we agree with appellee and the trial judge that the evidence makes it quite clear that the use of reverse circulation is old, both in the art and in prior use, and that unless there is invention in the use of the valves precisely claimed in Claims 1 and 2, valves which appellee does not use, nothing in the claims present anything savoring of newness or invention. We agree with appellee too that the evidence supports, indeed overwhelmingly establishes, the finding of the trial judge that Claim 4 is nothing but an effort to broadly claim what by disclosure and by use was already public property, an apparatus for well cleaning by the use of reverse circulation, and is therefore invalid. We also agree with appellee that if there was invention in the valve system shown in Claims 1 and 2, which we do not find it necessary to decide, plaintiff's apparatus does not use valves and therefore does not infringe. The judgment was right. It is affirmed.

---

upper end of said drill stem, whereby said pump may force fluid downwardly

---

through the casing and upwardly out of said drill stem.